DUNN, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 195. Argued May 3, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 749.)

* Motion for rehearing denied, without costs, on September 6, 1972.

For the plaintiff in error there was a brief and oral argument by *Christ Alexopoulos* of Milwaukee.

For the defendant in error there was a brief by *Robert W. Warren*, attorney general, and *Thomas J. Balistreri*, assistant attorney general; oral argument was by *Lawrence P. Biggam* of San Francisco, California.

HALLOWS, C. J.   The proof at the trial showed Harry James Dunn and two other persons about 2 o'clock in the morning on July 18, 1970, on East North Avenue in the city of Milwaukee were engaged in a fracas with Howard J. LeTourneau and his son.  The police came upon the scene and saw Dunn swing at LeTourneau. Dunn had a hammer in his hand and struck LeTourneau on the head.  The police also saw Dunn kick LeTourneau in the face when he was down.  When Dunn became aware of the approaching police, he and the two other men ran away.  LeTourneau received a deep laceration on the side of his forehead but he was not seriously injured.

In order to constitute the offense of aggravated battery,[1] the element of "intentionally causes great bodily harm to another . . . with intent to cause bodily harm" must be proved. "Great bodily harm" as defined in sec. 939.22 (14), Stats., is an injury which creates "a high probability of death, or which causes serious permanent disfigurement . . . ." We stated in *State v. Bronston* (1959), 7 Wis. 2d 627, 633, 97 N. W. 2d 504, 98 N. W. 2d 468, that the offense of aggravated battery was not concerned with the potentialities of the offender's act but with its end result and set aside a conviction because the injury inflicted did not amount to great bodily harm within the meaning of the statute. We stated an attempt to commit the crime of aggravated battery was a lesser included crime of aggravated battery and remanded the case for the trial court to determine if the evidence was sufficient to sustain the attempt.

Dunn argues attempted aggravated battery is not an included crime and therefore he could not be convicted of such a crime without being so charged and given an opportunity to plead to such a charge. It is quite true, a battery is an included crime of aggravated battery while an attempted aggravated battery is not by virtue of sec. 939.66 (1), Stats.,[2] relied on by Dunn. Under this subsection, an attempt cannot require proof of a

---

[1] "940.22 **Aggravated battery.** Whoever intentionally causes great bodily harm to another by an act done with intent to cause bodily harm to that person or another may be fined not more than $2,500 or imprisoned not more than 5 years or both."

[2] "939.66 **Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or . . .

"(4) An attempt in violation of s. 939.32 to commit the crime charged; or . . . ."

fact in addition to those which must be proved for the crime charged and an "attempt" as defined in sec. 939.32 (2),[3] requires that the failure to accomplish the crime be caused by "the intervention of another person or some other extraneous factor." However, "attempted aggravated battery" is a lesser included crime of aggravated battery by virtue of sec. 939.66 (4) which expressly defines an attempt to commit the crime charged in violation of sec. 939.32 to be an included crime. By sec. 939.32, the crime of attempt applies to felonies, which an aggravated battery is. Consequently, an attempted aggravated battery is an included lesser crime of aggravated battery even though the attempt has an element which the accomplished aggravated battery does not contain.

We think the trial court was correct in finding the evidence sufficient to sustain a conviction of attempted aggravated battery. The proof shows the intervention of the police in the fight. But for their presence, Dunn would have continued to strike LeTourneau with the hammer or kick him in the face. Such conduct could reasonably cause great bodily harm and Dunn's acts were done with intention to do bodily harm. While we said in *Bronston* that this court was not concerned with potentialities of the offender's act but rather with its end result in considering whether an aggravated battery has been committed, nevertheless when the bodily injury caused is something less than great bodily harm and the court is considering an attempted aggravated battery, the potentialities of the offender's act

---

[3] "939.32 Attempt. . . (2) An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor."

must be considered in determining whether he had the necessary intent to accomplish the greater crime. To be guilty of the offense of attempted aggravated battery, the defendant must have the intent to cause bodily harm which would have become great bodily harm if his actions had not been interrupted by the intervention of another person or some other extraneous factor.[4] We make it clear *Bronston* does not stand for the proposition that an aggravated battery becomes an attempted aggravated battery simply because the bodily harm caused by a blow is less than sufficient to constitute great bodily harm. The attempted crime of aggravated battery cannot be placed solely on the ground of a lesser degree of seriousness of the bodily harm than is required for an aggravated battery.

Since an attempted aggravated battery is a lesser included crime of aggravated battery, Dunn was not entitled to any separate notice of the charge, nor was he entitled to plead to it separately. When a defendant is charged with a crime he is automatically put on notice that he is subject to an alternative conviction of any lesser included crime; the whole contains all its parts. Only if the charge is changed to a crime which is not a lesser included offense can the argument be made that the defendant is entitled to notice of the reduced charge and to be given an opportunity to plead to that charge.

Dunn claims the reduced charge placed him in double jeopardy, but this is a fallacious argument. The theory of double jeopardy in this state was set forth in *State v. Schmear* (1965), 28 Wis. 2d 126, 135 N. W. 2d 842, and followed in *Salters v. State* (1971), 52 Wis. 2d 708,

[4] In *State v. Damms* (1960), 9 Wis. 2d 183, 100 N. W. 2d 592, this court held the fact a handgun was empty, unbeknownst to the assailant, constituted some other extraneous factor which sustained a conviction of attempted murder. Here, we do not reach what constitutes an extraneous factor because of the intervention by the police.

715, 191 N. W. 2d 19. In *Schmear* we explained the two theories which denied double jeopardy on retrials; one being the theory of the continuity of the proceeding, and the other of waiver where an error or invalidity in the first trial required a reversal. In this case, there was one proceeding and only one trial. Jeopardy attached when Dunn was tried for the aggravated battery and included any lesser includable crime of which he could be convicted under sec. 939.66, Stats. While a defendant cannot be convicted of both the crime charged and the included crime, he can be convicted of one or the other depending upon the evidence. Consequently, Dunn was not put in jeopardy twice for the same crime nor will he be in the future, because under sec. 939.66 he cannot now be charged and convicted of aggravated battery.

The reducing of a charge to a lesser includable crime in finding a defendant guilty of the lesser charge is one act and is not similar to or the equivalent of a finding of not guilty on the greater charge and a subsequent charge and conviction on the lesser included offense.

*By the Court.*—Order affirmed.