SYKES, Plaintiff in error, v. STATE, Defendant in error.

*No. State 201. Submitted under sec. (Rule) 251.54 June 5, 1975.—*
*Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 760.)

For the plaintiff in error the cause was submitted on the brief of *Laurence E. Norton II* of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. Bailey,* assistant attorney general.

HANLEY, J. Two issues are presented on appeal:

1. Was there sufficient evidence presented to sustain the trial court's findings?

2. Should a new trial be granted in the interest of justice?

*Sufficiency of the evidence.*

The defendant argues that the record does not contain sufficient credible evidence to prove the defendant's guilt of first-degree murder beyond a reasonable doubt. The defendant's argument is directed primarily at his claim of self-defense. We think the defendant had no privilege of self-defense under sec. 939.48 (2), Stats. Therefore, there is no merit to the argument that the defense of self-defense could only be rejected if: (1) The court found the defendant provoked the attack with the intent to use the attack as an excuse to kill or cause great bodily harm to the decedent; (2) the court found the decedent did not make a move toward his pocket so that the defendant would not be privileged to fire his shotgun; and (3) the court found that the defendant could not reasonably believe he had exhausted every other reasonable means to escape from the decedent's attack.

However, it is obvious from the court's statement that it considered and rejected the defendant's claim of self-defense on the merits of that defense under sec. 939.48 (1), Stats.

The credibility of witnesses and the weight to be given their testimony is, of course, for the trier of fact. *Bautista v. State* (1971), 53 Wis. 2d 218, 223, 191 N. W. 2d 725. Also, the state of mind or intent may reasonably be ascertained from the acts and conduct of the defendant and the inferences fairly deducible from the circumstances. *Jacobs v. State* (1971), 50 Wis. 2d 361, 366, 184 N. W. 2d 113.

The trial court in this case said:

"I think the inference is inescapable, that he [the defendant] used this weapon only to—I think his pride was

hurt, not his physical self. The slaps by the deceased humiliated him publicly. No harrowing preceding experience at the hands of the deceased deterred the defendant from promptly re-entering the self-claimed place of fright and danger, with the manifest intention of publicly executing the tormentor. . . ."

As noted, the defendant himself testified that after being slapped he went out to his car, got his shotgun, loaded it and returned to the tavern. As he was entering the tavern, he was grabbed from the side by someone and he pushed that person away. He saw Freddie Jones start toward him and he started shooting. He stopped after four shots and after Jones was out of sight. We cannot say that the trial court's view of the evidence is not a permissible one or that the evidence is so insufficient in probative value that it can be said as a matter of law that no trier of fact acting reasonably could be convinced to the degree of certitude required.

Therefore, the defendant's argument that there is insufficient evidence to support the trial court's finding of guilt is without merit. The finding of the trial court indicates that it felt the issue of self-defense was raised as a pretext to justify the shooting.

We find no merit to the references in the defendant's brief to manslaughter in the exercise of self-defense under sec. 940.05 (2), Stats.

*New trial in the interest of justice.*

The defendant requests that this court grant him a new trial in the interest of justice, pursuant to sec. 251.09, Stats. This request is based upon the assertions that the trial court was unduly influenced by the fact that the defendant was the aggressor and it did not consider the possibilities provided for in sec. 939.48 (2), and that there is "grave doubt" as to the defendant being guilty of first-degree murder.

We find no merit to this contention. When the defendant left the tavern, got his shotgun out of the trunk,

loaded it and returned to the tavern, he became the provoker. In *Muench v. State* (1973), 60 Wis. 2d 386, 395, 210 N. W. 2d 716, this court said of a similar incident:

". . . The fight had ended; Faber and the defendant could and did retreat to Faber's car. Faber clearly became the aggressor and the provoker when he got out of his car and confronted the deceased with a gun. . . ."

The defendant admits this is so, but contends that there still existed an issue as to the right of self-defense under sec. 939.48 (2), Stats. We disagree. That section does not apply to a situation as in the instant case. A review of the evidence in this case dispels any contention that a miscarriage of justice has occurred in this case. The defendant was properly convicted of first-degree murder.

*By the Court.*—Judgment and order affirmed.