FLORES, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–300–CR. Submitted on briefs December 2, 1976.—
Decided February 15, 1977.*
(Also reported in 250 N. W. 2d 720.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Jack E. Schairer,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

ROBERT W. HANSEN, J. Defendant was convicted of the crime of aggravated battery, defined as the intentional causing of "great bodily harm to another."[1] This crime consists of three elements: (1) The intention to cause great bodily harm; (2) the causation by some act; and (3) the degree of harm suffered by someone other than the actor.[2] The challenge here is not to the first two elements of the crime. The jury did not believe the testimony of the defendant and his brother that the assault took place after the victim struck the brother. Instead, the jury believed the testimony of the tavern owner, the two eyewitnesses and the victim that the defendant made an entirely unprovoked assault on his vic-

[1] Sec. 940.22, Stats., provides: "Whoever intentionally causes great bodily harm to another by an act done with intent to cause bodily harm to that person or another may be fined not more than $2,500 or imprisoned not more than 5 years or both."

[2] *See, e.g., State v. Gould,* 56 Wis.2d 808, 202 N.W.2d 903 (1973).

tim. There is thus no basis for challenging the determination that defendant committed an unprovoked battery on the victim.

Defendant argues that the injuries sustained by the victim of this assault did not constitute "great bodily harm" as that term is used in the statute. That phrase "great bodily harm" is defined by statute to mean: ". . . bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ *or other serious bodily injury.*"[3] Very recently our court has held that the underlined phrase, added to the statutory definition in 1955,[4] was "intended to broaden the scope of the statute and was intended to include serious bodily injury of a kind not encompassed in the specifics of the original statute."[5] In the case before us, an issue at time of trial was whether the victim of this assault had suffered "serious bodily injury."

Defense counsel requested the trial court to submit to the jury the lesser-included offense of battery.[6] Battery is a lesser-included offense of the crime of aggravated battery.[7] Battery, like aggravated battery, is not concerned with the potentialities of the offender's act, but with its end result.[8] Battery requires that such end re-

---

[3] Sec. 939.22 (14), Stats. [Emphasis supplied.]

[4] *See:* Ch. 696, Laws of 1955.

[5] *La Barge v. State,* 74 Wis.2d 327, 334, 246 N.W.2d 794, 797 (1976).

[6] Sec. 940.20, Stats., provides: "Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed may be fined not more than $200 or imprisoned not more than 6 months or both."

[7] *Dunn v. State,* 55 Wis.2d 192, 195, 197 N.W.2d 749, 750 (1972).

[8] *State v. Gould, supra,* n. 2, at 811, 202 N.W.2d at 905.

sult be "bodily harm," defined by statute to mean ". . . physical pain or injury, illness, or any impairment of physical condition."[9] By contrast, aggravated battery requires that such end result be "great bodily harm" defined by statute to mean ". . . bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily injury."[10]

While it is conceded by defendant that the victim of the assault in this case suffered "bodily harm," it is contended that such victim did not suffer "great bodily harm." If this issue as to degree or extent of injury is an issue of fact, it was for the jury to determine. If such is the case, the defendant here was entitled to have the lesser-included offense of battery submitted to the jury. Finding "great bodily harm," the jury could return a guilty verdict on the charge of aggravated battery. Finding only "bodily harm," the jury could return only a verdict of guilty of the lesser-included offense of battery.

Our court has consistently held that in order to justify the submission of a lesser-included offense to the jury " '. . . there must be some reasonable ground in the evidence for a conviction of the lesser offense and an acquittal of the greater offense.' "[11] As we have held, "The key word is 'reasonable.' If the evidence in one reasonable view would suffice to prove the guilt of the higher degree of crime beyond a reasonable doubt and if under a different but also reasonable view the evidence

---

[9] Sec. 939.22(4), Stats.

[10] Sec. 939.22(14), Stats.

[11] *State v. Shears*, 68 Wis.2d 217, 242, 229 N.W.2d 103, 116 (1975), quoting *State v. Melvin*, 49 Wis.2d 246, 252, 181 N.W.2d 490, 493, 494 (1970).

would be sufficient to prove the guilt of the lesser offense beyond a reasonable doubt and also leave a reasonable doubt as to some element included in the higher degree but not in the lesser, the court could and should submit both degrees or offenses."[12] It is only if " 'under a different, but reasonable view,' the evidence is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower, should the lesser crime also be submitted to the jury."[13]

In the instant case that "particular element" involved was the extent of injuries sustained by the victim. The "particular element" is not some identifiably distinct and separate element but rather the difference between "bodily harm" and "great bodily harm." It is a difference in degree, not kind. The distinction goes to the degree of bodily harm inflicted. The trial court declined to submit the lesser-included offense of battery to the jury holding that "great bodily harm" or "other serious bodily injury," was here established as a matter of law.

This trial court action was in effect holding that under no reasonable view of the evidence could the jury find "bodily harm," although they could find "great bodily harm." The only evidence offered at time of trial as to the extent of injury was the testimony of the victim of the assault. There was no expert medical testimony or corroboration offered as to the nature and extent of injuries. The trial court summarized the testimony as to extent of injury, given by the victim, as establishing that the victim of the assault ". . . lost a natural tooth, lost another tooth; he had a cut which re-

[12] *Holmes v. State*, 63 Wis.2d 389, 400, 217 N.W.2d 657, 663.

[13] *State v. Bergenthal*, 47 Wis.2d 668, 675, 178 N.W.2d 16, 20 (1970).

quired 30 stitches; he was unconscious for more than an hour; was in intensive care two and a half days, and in the hospital nine days. He is still in need of dental care; still has pain in the ankle. . . ." The narrow question is whether this evidence was sufficient to take from the jury the question of whether the person sustaining such injuries suffered only "bodily harm" as distinguished from "great bodily harm."

Recently in the *La Barge Case*[14] our court considered whether the victim of an assault had sustained "serious bodily injury." While that case involved a conviction for the offense of injury by conduct regardless of life,[15] the element of "serious bodily injury," by statute constituting "great bodily harm,"[16] was the same as in the case before us. There the testimony as to nature and extent of injury was given by the treating physician of the victim. Our court held that the record in that case established that the victim of the assault "sustained numerous stabs and wounds, that 12 of them required suturing, and that approximately 100 inches of suture material was required to close the wounds. In addition, she sustained a number of minor cuts, abrasions and bruises which did not require suturing. . . . [H]ospitalization for six days was required."[17]

In that decision, our court held that: "The trial judge in the instant case concluded, correctly we believe, that under the record it was a matter of fact for the jury to

[14] *La Barge v. State, supra,* n. 5.

[15] Sec. 940.23, Stats., providing: "Whoever causes great bodily harm to another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be imprisoned not more than 10 years."

[16] Sec. 939.22(14), Stats., provides: " 'Great bodily harm' means bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily injury."

[17] *La Barge v. State, supra,* n. 5, at 335, 246 N.W.2d at 798.

determine whether the injuries inflicted upon Merilee Maulson constituted 'other serious bodily injury.' "[18] It is true that, in *La Barge,* the issue on appeal was whether the evidence sustained a jury finding of guilty, our court concluding that ". . . under the facts of this case, the jury could reasonably conclude that the multiple cuts and stab wounds of Merilee Maulson constituted " 'serious bodily injury.' "[19]

If the issue now before us were whether a jury could have found the defendant guilty of aggravated battery for having caused "serious bodily injury," we would unhesitatingly uphold the conviction. However we find the *La Barge* holding as strongly suggestive that in the present case a jury question was presented as to whether "bodily harm" or "great bodily harm" was caused by the injuries inflicted. The lesser-included offense of battery should have been submitted to the finder of fact —here the jury.

We do not hold that there is some near-automatic right to have the lesser-included offense of battery submitted to the jury whenever the crime charged is that of aggravated battery. We do note that where that is the issue raised it is not easy as a matter of law to draw the line of demarcation between "great bodily harm," meaning "serious injury," and "bodily harm," meaning "physical injury" or "impairment of physical condition."

In another situation, where there was no factual dispute as to the relatively minor injury inflicted upon a victim, our court held as a matter of law that such minor injuries were not sufficient to constitute the crime of aggravated battery as then defined by statute.[20] Con-

[18] *Id.* at 334, 246 N.W.2d at 797.

[19] *Id.* at 335, 246 N.W.2d at 798.

[20] *See: State v. Bronston,* 7 Wis.2d 627, 633, 97 N.W.2d 504, 508, 98 N.W.2d 468 (1959), this court holding: "Where, as in the instant case, the facts are undisputed as to the nature of the

versely, there certainly are situations where under no reasonable view of the evidence could the undisputed injuries sustained by a victim fall below the level of "great bodily harm" required for conviction of aggravated battery.

However, in many cases the situation will fall into a twilight zone. That is, whether the resultant injury constituted "bodily harm" or "great bodily harm" becomes as it was in *La Barge* an issue of fact for the jury to resolve. Where that either-or situation is present, a defendant's request for submission of battery as a lesser-included offense is to be granted, not denied.

However in the instant case we base our finding of error primarily on the fact that the trial judge found "serious bodily injury" as a matter of law. By so doing, the trial court invaded the province of the jury as to matters involving the credibility of witnesses. For example, in determining whether the victim had "blacked out" for a lengthy period of time, the trial court found that he had in its summarization of the evidence. But this testimony was disputed by the testimony of the defendant and his brother. The conflict in testimony presented was a matter of credibility which was a matter for the jury to resolve.[21]

---

injury inflicted by the battery, it is a question of law and not of fact as to whether the injuries are sufficient to constitute the crime of 'aggravated battery' as defined by statute."

(It should be here noted that the question of law in *Bronston* was decided in favor of the defendant, not against him as in the instant case. As such, the finding in *Bronston* is immune from the attack that the trial court directed a verdict against the defendant.) *See also: Irby v. State,* 49 Wis.2d 612, 617, 182 N.W.2d 251, 253, 254 (1971), this court holding: "In *Bronston,* there appears to be no factual dispute regarding the relatively minor injury inflicted upon the victim."

[21] *See: Jones (George Michael) v. State,* 70 Wis.2d 41, 61, 233 N.W.2d 430, 441 (1975), this court holding: "The question was

Additionally the trial court found the victim "is still in need of dental care." With no expert dental or medical testimony offered, this finding rests solely on the testimony of the victim—a lay person. The jury was not required to accept such testimony as establishing need for future dental or medical treatment.[22] In accepting the testimony of the victim as to the precise nature and exact extent of the injuries sustained, the trial court here was making a credibility judgment as to such testimony.

We hold that the credibility and weight to be given such testimony in establishing "great bodily harm" was for the jury, not the court, to decide. Accordingly on this record we hold that it was a matter of fact for the jury to determine whether the injuries inflicted constituted "bodily harm" or "great bodily harm."[23]

Thus there is an issue of fact for the jury to determine. That is, whether the testimony concerning the extent of injury supported only a conviction for the crime of battery, or for the more serious offense of aggravated battery. We conclude that it was error, on this record,

basically one of credibility. Credibility of witnesses is a determination for the jury." Citing *Tobar v. State*, 32 Wis.2d 398, 145 N.W.2d 782 (1966), cert. denied 390 U.S. 960 (1968); *State v. Hunt*, 53 Wis.2d 734, 193 N.W.2d 858 (1972); *Lemerond v. State*, 44 Wis.2d 158, 170 N.W.2d 700 (1969); *State v. Stevens*, 26 Wis.2d 451, 132 N.W.2d 502 (1965).

[22] *See: Irby v. State, supra*, n. 20, at 618, 182 N.W.2d at 254, this court holding: "Under the facts of this case the doctor's testimony was necessary to determine the seriousness of the wounds, and it was within the province of the jury to determine whether, as a matter of fact, these wounds caused great bodily harm."

[23] *Sykes v. State*, 69 Wis.2d 616, 620, 230 N.W.2d 760, 763 (1975), this court holding: "The credibility of witnesses and the weight to be given their testimony is, of course, for the trier of fact." Citing *Bautista v. State*, 53 Wis.2d 218, 223, 191 N.W.2d 725 (1971).

for the trial court to refuse defendant's request for the submission of battery as a lesser-included offense to this jury and to deny defendant's request that the jury be instructed on such lesser-included offense.

Since the case must be remanded for a new trial, it is not necessary to reach the order denying modification of sentence.

*By the Court.*—Order denying new trial and judgment of conviction reversed, and cause remanded for a new trial consistent with this opinion.