STATE of Wisconsin, Plaintiff-Respondent,

v.

Kevin RICHARDS, Defendant-Appellant.†

Court of Appeals

*No. 83–1175–CR. Submitted on briefs February 15, 1984.—*
*Decided March 23, 1984.*
(Also reported in 347 N.W.2d 906.)

For the defendant-appellant the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Mary D. Batt,* assistant attorney general, of counsel, of Madison.

Before Wedemeyer, P.J., Decker and Moser, JJ.

DECKER, J. Kevin Richards (Richards) appeals from a judgment convicting him of false imprisonment and aggravated battery and from an order denying his

---

† Petition to review granted.

post-conviction motion for a new trial. On appeal, Richards challenges only the aggravated battery conviction and argues that the jury should have been instructed on simple battery and intermediate battery as lesser included offenses. We cannot agree with this contention, considering the statutory definitions of these crimes and the "elements only" analysis to be applied in determining lesser included offenses. We conclude that the trial court was correct in not submitting the other forms of battery to the jury and, accordingly, we affirm.

According to Richards' testimony, on December 28, 1981, he picked up Valerie Murrell (Murrell), a woman with whom he had had a sporadic relationship, at her sister's house. She was in the bathroom and he had to kick in the bathroom door to free her because the door was stuck. She slipped as she ran from the bathroom and fell down the stairs. He then took her by auto to her apartment where they quarreled and he admitted striking her. She fell back onto a mattress, rolled off and onto a hot iron which was on the floor. The police arrived shortly thereafter.

Although Murrell did not testify at trial, the testimony given by Murrell's sister, Peggy Holt (Holt), and by the police painted a very different picture than that described by Richards. Holt testified that Murrell was pushed down the steps by Richards and that he forcibly maneuvered her into the auto. The police officer who went to Murrell's apartment testified that he heard a woman crying for help in Murrell's apartment and the sounds of struggle and of items being thrown around. When Murrell answered the doorbell, she ran out into the hall, flung open her robe to reveal numerous burns and said "he done burned me with a hot iron."

The trial court refused to submit jury instructions on simple and intermediate battery at Richards' request on the grounds that they were not lesser included of-

fenses and that they were not warranted by the evidence. At a post-conviction motion hearing, the district attorney acquiesced in Richards' position that the lesser battery charges were lesser included offenses. The presiding judge determined that the evidence did not warrant submission of those instructions. Richards appeals.

We are persuaded that, in light of the "elements only" approach to lesser included offenses adopted by our supreme court, *see Hagenkord v. State,* 100 Wis. 2d 452, 481, 302 N.W.2d 421, 436 (1981), neither simple battery nor intermediate battery is a lesser included offense of aggravated battery. Regardless, then, of the rationale used by both judges concerning the sufficiency of the evidence, we affirm the judgment and order. *See State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982).

Richards' argument is premised in part upon *Flores v. State,* 76 Wis. 2d 50, 250 N.W.2d 720 (1977), in which our supreme court stated that battery is a lesser included offense of the crime of aggravated battery. *Id.* at 54, 250 N.W.2d at 722. The state argues that the aggravated battery statute has been amended[1] since *Flores* and, therefore, the statement from *Flores* is no longer viable case law. We agree.

At the time *Flores* was decided, the pertinent statutes (1975) read as follows:

940.22 Aggravated battery. Whoever causes great bodily harm to another by an act done with intent to cause great bodily harm to that person or another may be fined not more than $2,500 or imprisoned not more than 5 years or both.

940.20 Battery. Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person

---

[1] Sec. 13, ch. 173, Laws of 1977.

so harmed may be fined not more than $200 or imprisoned not more than 6 months or both.

The state argues that the *Flores* court must have implicitly read in a non-consent requirement to aggravated battery in order to find battery a lesser included offense. We agree that, given the lack of a consent-related phrase in sec. 940.22, Stats., (1975), it is logical to assume that, if the old aggravated battery statute implied anything about consent, it implied that the battery takes place *without* the consent of the victim.

It is not absolutely necessary that we engage in this sort of speculation, however logical, about how the supreme court must have viewed the old aggravated battery statute in *Flores*. To resolve the question before us, we need only look at the current battery statute and the "elements only" analysis to be applied when determining lesser included offenses.

The current battery/aggravated battery statute reads in part as follows:

940.19 Battery; aggravated battery.

(1) Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another *without the consent of the person so harmed* is guilty of a Class A misdemeanor.

(1m) Whoever causes great bodily harm to another by an act done with intent to cause bodily harm to that person or another *without the consent of the person so harmed* is guilty of a Class E felony.

(2) Whoever causes great bodily harm to another by an act done with intent to cause great bodily harm to that person or another *with or without the consent of the person so harmed* is guilty of a Class C felony. [Emphases added.]

We begin by noting that both subsec. (1), simple battery, and subsec. (1m), intermediate battery, contain the element of victim non-consent. Subsection (2), aggra-

vated battery, however, now explicitly states that the act described is a felony regardless of consent or non-consent by the victim. Clearly, then, by the statutory language alone, victim non-consent is not a requisite element of aggravated battery.

We now turn to the lesser included offense analysis set forth in *Hagenkord v. State,* 100 Wis. 2d at 481, 302 N.W.2d at 436 (1981):

> This court is committed to the "elements only" analysis of whether one offense is included within another. The test focuses not on the peculiar factual nature of a given defendant's criminal activity, but on whether the lesser offense is statutorily within the greater. *Hawthorne v. State,* 99 Wis. 2d 673, 299 N.W.2d 866 (1981). Stated in other words, an offense is a "lesser included" one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the "greater" offense. *Id.,* at 681. Conversely, an offense is not a lesser-included one if it contains an additional statutory element. This court has stated this test often and clearly. *Randolph v. State,* 83 Wis. 2d 630, 266 N.W.2d 334 (1978); *State v. Verhasselt,* 83 Wis. 2d 647, 266 N.W.2d 342 (1978); and *State v. Smith,* 55 Wis. 2d 304, 310, 198 N.W.2d 630 (1972). In *Randolph,* the court additionally capsulized the rule by the formulation that "for one crime to be included in another, it must be 'utterly impossible' to commit the greater crime without committing the lesser." *Randolph, supra,* 83 Wis. 2d at 645.

Under any of the three above highlighted tests, neither simple battery nor intermediate battery is a lesser included offense of aggravated battery. The "lesser" batteries contain a statutory element, victim non-consent, additional to the elements of aggravated battery. It is not utterly impossible to commit aggravated battery without committing simple or intermediate battery as well; such occurs if great bodily harm is intended and in fact caused to another with that person's consent.

We therefore conclude that simple battery and intermediate battery are not lesser included offenses of aggravated battery.[2] There was no error, therefore, in the jury instructions as given.

*By the Court.*—Judgment and order affirmed.

---

[2] We note that, at the time that *Flores v. State,* 76 Wis. 2d 50, 250 N.W.2d 720 (1977), was decided, the "elements only" test so clearly put forth in *Hagenkord v. State,* 100 Wis. 2d 452, 481, 302 N.W.2d 421, 436 (1981), existed only in a nascent and far less distinct form. *See State v. Smith,* 55 Wis. 2d 304, 308–11, 198 N.W.2d 630, 632–33 (1972).