STATE of Wisconsin, Plaintiff-Respondent,

v.

KEVIN RICHARDS, Defendant-Appellant-Petitioner.

Supreme Court

*No. 83–1175–CR. Argued October 3, 1984.—Decided April 3, 1985.*

(Also reported in 365 N.W.2d 7.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Donna L. Hintze,* assistant state public defender.

For the plaintiff-respondent there was a brief by
*Mary Batt,* assistant attorney general, with whom on
the brief was *Bronson C. La Follette,* attorney general,
and oral argument by *David J. Becker,* assistant attorney general.

HEFFERNAN, Chief Justice. This is a review of
a decision of the court of appeals which affirmed a
judgment and order of the circuit court of Milwaukee
county.[1] The defendant, Kevin Richards, was found
guilty of aggravated battery following a jury trial presided over by Judge Ralph Adam Fine. Following the
entry of judgment and sentence, a motion for a new
trial was brought before Judge Rudolph Randa. The
motion was denied.

The issue raised on the motion for new trial, in the
court of appeals, and in this court on review, is whether either simple battery (sec. 940.19(1), Stats.) or intermediate battery (sec. 940.19(1m)) can be lesser included offenses of the charge of aggravated battery
(sec. 940.19(2)).[2]

---

[1] *State v. Richards,* 118 Wis. 2d 414, 347 N.W.2d 906 (Ct. App. 1984).

[2] "940.19 **Battery; aggravated battery.** (1) Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor.

"(1m) Whoever causes great bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class E felony.

"(2) Whoever causes great bodily harm to another by an act done with intent to cause great bodily harm to that person or another with or without the consent of the person so harmed is guilty of a Class C felony." Stats. 1979–80.

It should be noted that the words, "simple" and "intermediate," in respect to types of battery are not statutory terms. They are, however, convenient shorthand expressions of the statutory crimes.

Judge Fine concluded, in refusing to submit either simple battery or intermediate battery to the jury as lesser included offenses, that under the "elements only" test for lesser included offenses, as recently reiterated in *Hagenkord v. State,* 100 Wis. 2d 452, 302 N.W.2d 421 (1981), neither simple battery nor intermediate battery could, as a matter of law, be lesser included offenses, because each required the proof of an element of the crime not required to be proved in aggravated battery—the nonconsent of the victim.

Judge Fine also pointed out that, even were there the legal possibility of a lesser included offense, under the facts here the inclusion of a lesser offense would be inappropriate, because, under the rule of *Commodore v. State,* 33 Wis. 2d 373, 382, 147 N.W.2d 283 (1967), and subsequent cases of this court, to permit an instruction on a lesser included offense, the court must be convinced there is a reasonable basis in the evidence for an acquittal on the greater charge and for a conviction on the lesser charge. Judge Fine held that that test could not be met, because in the instant case, where the defendant denied any intent to cause any bodily harm, an acquittal on the basis of lack of intent on the principal charge would also result in his acquittal on the argued-for lesser included offenses, both of which require intentional conduct.

On motion for a new trial under sec. 809.30(1)(f), Stats., predicated on Judge Fine's refusal to instruct on lesser included offenses, Judge Randa emphasized the second prong of Judge Fine's analysis and concluded that, under the evidence, the requested instructions were not appropriate.

The court of appeals, affirming, concluded, as did Judge Fine, that, under the "elements only" test adopted by this court and recently explicitly restated in *Hagenkord, supra,* neither of the requested instructions—simple

battery and intermediate battery—were lesser included offenses.

It therefore found it irrelevant, as do we, to consider whether, under the facts, the evidentiary requirements for instruction on lesser included offenses could have been satisfied.

We affirm the decision of the court of appeals because, as a matter of law, under the "elements only" test, both sec. 940.19(1), Stats. (simple battery), and sec. 940.19(1m) (intermediate battery) require proof of an additional element, *i.e.*, the nonconsent of the person harmed and, hence, are not lesser included offenses.

In view of our approach to the question, the details of the underlying facts leading to the prosecution are unimportant. We state them only briefly.

The complaint against the defendant, Kevin Richards, alleged that he had burned the arm, breast, and side of Valorie Jo Murrell with an electric iron, causing second degree burns to those areas of her body.[3]

The information, to which Richards pleaded not guilty, charged in count 2,[4] aggravated battery in that:

"[O]n December 28, 1981 [the defendant] did cause great bodily harm to Valorie Jo Murrell, by an act done with intent to cause great bodily harm to Valorie Jo Murrell, contrary to Wisconsin Statutes section 940.19 (2)."

Valorie Jo Murrell was not available as a witness at trial. Richards, however, did testify, stating that he did not intend to burn Valorie and that, during the course of a lovers' quarrel, Valorie Jo rolled off the bed onto a hot electric iron which had been left connected

---

[3] While the complaint states that the conduct of the defendant was "without her consent," this language was not included in the information.

[4] Count 1 was for false imprisonment, contrary to sec. 940.30, Stats. The conviction on that charge is not challenged.

on the floor. He stated that, at the time of the incident, they were lovers and Valorie Jo was pregnant with his child. He stated that, as of the time of trial, they were intending to be married.

The question, as we view it, is a legal one and not at all dependent upon the facts of this particular case. We think it plain upon the face of the statutes that both simple battery, sec. 940.19(1), Stats., and intermediate battery, sec. 940.19(1m), require proof of an element not required for proof of aggravated battery.

Each of the three statutes require intentional conduct on the part of the actor. In both simple and intermediate battery the intent required to be proved is that the actor intended to cause bodily harm. For intermediate battery, the intent to cause bodily harm must result in great bodily harm, while for simple battery to lie, it is enough to show that bodily harm was intended and bodily harm was the result. In aggravated battery under sec. 940.19(2), Stats., there must be intent to cause great bodily harm which, in fact, caused great bodily harm.

In respect to both simple and intermediate battery, an element of proof required by the statute is that the harm to the victim be "without the consent of the person so harmed." The aggravated battery statute, however, provides that the actor who, in respect to intent and the result of the conduct, satisfies the requirements of the statute may be guilty "with or without the consent of the person so harmed."

Thus, it is plain that the general legislative test of what is a lesser included offense found in sec. 939.66(1), Stats., may appropriately be applied in the instant case. That section of the statute provides that:

". . . an included crime may be . . . .
"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged."

Thereafter, in sec. 939.66, Stats., follow four exceptions to the general rule appearing in subsec. (1). None of the exceptions are applicable here.[5] Thus, because the crimes spelled out in sec. 940.19(1) and 940.19(1m) require proof that the conduct of the actor be without the victim's consent, while sec. 940.19(2) does not require that element to be proved, under sec. 939.66(1), they cannot as a matter of law fulfill the legislative prescription of lesser included offenses.

The rule was applied and explained in *Hagenkord v. State*, 100 Wis. 2d 452, 481, 302 N.W.2d 421:

"This court is committed to the 'elements only' analysis of whether one offense is included within another. The test focuses not on the peculiar factual nature of a given defendant's criminal activity, but on whether the lesser offense is statutorily within the greater. *Hawthorne v. State*, 99 Wis. 2d 673, 299 N.W.2d 866 (1981). Stated in other words, an offense is a 'lesser included' one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the 'greater' offense. *Id.*, at 681. Conversely, an offense is not a lesser-included one if it contains an additional statutory element. This court has stated this test often and clearly. *Randolph v. State*,

---

[5] "939.66 **Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or

"(2) A crime which is a less serious type of criminal homicide than the one charged; or

"(3) A crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent; or

"(4) An attempt in violation of sec. 939.32 to commit the crime charged; or

"(5) The crime of attempted battery when the crime charged is rape, robbery, mayhem or aggravated battery or an attempt to commit any of them."

83 Wis. 2d 630, 266 N.W.2d 334 (1978); *State v. Verhasselt,* 83 Wis. 2d 647, 266 N.W.2d 342 (1978); and *State v. Smith,* 55 Wis. 2d 304, 310, 198 N.W.2d 630 (1972). In *Randolph,* the court additionally capsulized the rule by the formulation that 'for one crime to be included in another, it must be "utterly impossible" to commit the greater crime without committing the lesser.' *Randolph, supra,* 83 Wis. 2d at 645."

Thus, assuming that the phrase, "with or without the consent of the person so harmed," plainly means the consent vel non of the victim is irrelevant to proof of aggravated battery, it is apparent that neither simple nor intermediate battery requiring proof of nonconsent of the victim can be lesser included offenses.

It is this assumption that Richards attacks on this review. He contends that the words, "with or without the consent of the person so harmed," do not mean that nonconsent is not an element of aggravated battery. The defense contends that "with or without the consent" establishes alternative elements; a defendant may be charged with aggravated battery with consent or aggravated battery without consent. Under this view, the prosecution must prove nonconsent if the defendant is charged in the nonconsent "mode"; it must prove consent if the defendant is charged in the consent "mode." In the present case, Richards contends, he was charged with aggravated battery in the nonconsent "mode" because the criminal complaint stated that the defendant's actions were without the consent of the victim. Consequently, he argues, nonconsent of the victim is an element of the aggravated battery with which he was charged. Simple and intermediate battery would therefore be lesser included offenses, because they contain no additional statutory elements beyond those of aggravated battery in the nonconsent "mode."

We point out in passing that the argument as it relates to the present case is factually flawed, for the

charging document—the information—was silent in respect to whether the victim consented. Additionally, the state at trial did not attempt to prove either consent or nonconsent, nor did the jury instructions refer to the question of the victim's consent.

Nevertheless, as a matter of law, the defendant argues that, under at least one possible charging mode, the element of nonconsent of the victim is an element of the crime and, hence, under the "elements only" test, both simple and intermediate battery may, as a matter of law, be lesser included offenses.

We conclude that, from the face of the statute, "with or without consent" eliminates either consent or nonconsent as elements of sec. 940.19(2), Stats. The question of consent is irrelevant. We see no ambiguity, for the meaning of the words is not a matter upon which reasonable persons can differ.

The defendant would analogize the language to the alternative elements set forth in other criminal statutes. He points out that first-degree sexual assault, sec. 940.225(1), Stats., contains alternate "harm" elements, either of which can be proven, "pregnancy or great bodily harm." The theft statute, sec. 943.20(1) contains alternate act elements, "takes and carries away, uses, transfers, conceals, or retains possession." In contrast to the "with or without" language of sec. 940.19 (2), these statutes cannot be interpreted to eliminate the need to prove any of the elements. The analogy is flawed and unconvincing.

Moreover, it is not reasonable to conclude that the legislature intended to provide for two different crimes —one against a consenting victim and another against an unwilling one—and yet provide the same range of penalties for the disparate crimes.

The comments of the Legislative Council Committee, which formulated the Criminal Code Revision of 1953

—which comments were intended to be an integral interpretative portion of the proposed revisions—provided in respect to aggravated battery: "Aggravated battery does not require proof of nonconsent on the part of the victim." Legislative Council Comment to sec. 340.21, 1953 Assembly Bill 100. The present language of sec. 940.19(2) is analogous to that of the proposed statute of 1953—except that the present statute includes the words added by the Laws of 1977, ch. 173, sec. 13, "with or without the consent of the person." These words were, however, explained—in effect legislatively defined—by the Legislative Council comments to the 1977 legislation.

The council stated that, despite the changes, the elements of battery and aggravated battery remained "essentially the same as present law." Legislative Council note to 1977 Senate Bill 14.

Thus, we have a legislatively approved declaration that the changes made in the language of sec. 940.19(2), Stats., by the legislation of 1977 did not add new elements or provide alternative elements to the crime of aggravated battery. Hence, the Legislative Council declared, in respect to the current statute, that the 1953 statement—"[a]ggravated battery does not require proof of non-consent on the part of the victim" (see *supra*)—remained in effect.

Accordingly, evidence of whether the victim consents or does not consent to the harm inflicted is unnecessary to prove a prima facie case. Only the actor's state of mind—his intention or her intention to cause great bodily harm—must be proven. The state of mind of the victim in respect to consent to the great bodily harm inflicted plays no part in the proof of the crime.

The plain language of the statute and the definitions of the elements of the crime embodied in the successive drafting committees' comments demonstrate that non-

consent is not an element of the crime of aggravated battery (sec. 940.19(2)). Consequently, simple battery sec. 940.19(1), and intermediate battery, sec. 940.19 (1m), which require proof of nonconsent of the victim, under sec. 939.66 and under the rationale explained in *Hagenkord,* cannot, as a matter of law, be lesser included offenses.

We are referred to the cases of *Dunn v. State,* 55 Wis. 2d 192, 197 N.W.2d 749 (1972), and *Flores v. State,* 76 Wis. 2d 50, 250 N.W.2d 720 (1977), both of which state that battery is a lesser included offense of aggravated battery.

In *Dunn,* however, that was not the question posed. The question at issue there was whether Dunn was properly found guilty of attempted aggravated battery as a lesser included offense when he was charged with aggravated battery. This court correctly found that he was, because the statute, sec. 939.66(4), specifically provided that the attempt to commit a felony was a lesser included offense. The court in *Dunn* recognized that, were it not for the statute, the attempt would not be a lesser included offense, because it contained an additional element not required for proof of the crime charged. Yet, despite the recognition of the "elements only" test, the court in dicta went on to say, in a statement wholly unnecessary to the case and without any analysis whatsoever, that ". . . a battery is an included crime of aggravated battery." At 195. In view of the *Dunn* court's correct analysis of the "elements only" test and the fact that, in 1972, aggravated battery (see Legislative Council comments, *supra,* which were available to the *Dunn* court) did not require proof of victim nonconsent, while simple battery did, it is rather clear that the dicta in *Dunn* by Chief Justice Hallows and relied upon later in *Flores,* was an inadvertent statement made without the in-depth consideration that would be given

to a holding of the court.[6] The statement in *Dunn,*
". . . a battery is an included crime of aggravated bat-
tery," is incorrect and is herewith withdrawn.

In *Flores,* 76 Wis. 2d 50, 54, 250 N.W.2d 720 (1977),
the court, without comment, predicated its holding on
the dicta of *Dunn,* which we now withdraw as errone-
ous. Accordingly, we overrule the express holding of
*Flores* that "Battery is a lesser-included offense of the
crime of aggravated battery." *Flores* at 54. The state-
ments of both *Dunn* and *Flores* are clearly contrary to
the "elements only" test mandated for lesser included
offenses by sec. 939.66(1), Stats., which was recognized
as controlling by Chief Justice Hallows and this court
in the absence of a specific statutory exception and then
curiously inadvertently disregarded.

We conclude that *Dunn* and *Flores,* as relied upon by
Richards in this case, do not state the law of this state
in respect to a lesser included offense of aggravated
battery. Simple battery, sec. 940.19(1), and intermedi-
ate battery, sec. 940.19(1m), are not lesser included of-
fenses which may be charged under the umbrella of
aggravated battery. Each contains the element of non-
consent—an element absent in the proof of aggravated
battery.

. We conclude that the court of appeals correctly de-
cided the question, and we affirm.

Nevertheless, we are impressed by the policy issues
addressed in the final argument of the defendant on this
appeal. These additional policy issues discussed by the
defendant, however, must be addressed to the legislature
and not to this court.

Richards' final argument in support of his position
that simple and intermediate battery are lesser included
offenses of aggravated battery is that common sense

---

[6] "Homer himself hath been observed to nod." *Indignor quando-
que bonus dormitat Homerus,* Horace-Ars Poetica.

and good public policy lead to this conclusion. Richards asserts that the legislatively created gradations in the crime, based on the degree of injury and intent of the actor, imply that the lower batteries are lesser included crimes.

Richards suggests that the adverse consequences of having no lesser included battery offenses should lead this court to reject that conclusion. He notes two consequences. First, neither the state nor the defense has options at trial. The prosecution therefore faces a difficult charging decision; if it charges aggravated battery and can only prove bodily harm rather than great bodily harm, the result is acquittal. Conversely, the defendant has no option to plead to a lesser degree of battery. Second, the absence of simple battery as a lesser included offense creates an incongruous situation. Under sec. 939.66(5), Stats., attempted battery is legislatively made a lesser included offense of aggravated battery, while completed battery is not. We recognize the incongruity of this statutory exception when placed in juxtaposition to sec. 939.66(1).

These "common sense" arguments as a matter of policy strongly support the rationality of defendant's position. However, they suggest that the legislature should make simple and intermediate battery lesser included offenses of aggravated battery, not that the legislature has done so. The Legislative Council comments and plain meaning of the aggravated battery statute lead to the conclusion that nonconsent is an element of simple and intermediate battery but not of aggravated battery.

Simply because the legislature could, and arguably should, have delineated the statutory elements differently does not permit this court to rewrite the elements of the crime by judicial fiat. It is up to the legislature, if it concludes that the lower battery offenses should be lesser included offenses, to do so within the statu-

tory framework of sec. 939.66 and sec. 940.19, Stats. The legislature could remedy the situation by adding a subsection to sec. 939.66, analogous to sec. 939.66(2), to provide that an included crime may be a crime which is a less serious type of battery than the one charged.[7] Alternately, the legislature could remove victim nonconsent as an element of simple and intermediate battery and make consent a defense to sec. 940.19(1) and (1m) but not (2). The solution to the public policy problem asserted by the defendant, if a solution be necessary, is for the legislature, not for this court.

*By the Court.*—Decision affirmed.

---

[7] Sec. 939.66 provides:
". . . . An included crime may be any of the following: . . . .
"(2) A crime which is a less serious type of criminal homicide than the one charged. . . ."