STATE, Respondent, v. SMITH, Appellant.

*No. State 63. Argued June 8, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 630.)

306

For the appellant there was a brief by *William G. Bunk* and *Simester, Schowalter & Bunk,* all of West Bend, and oral argument by *William G. Bunk.*

For the respondent the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J.  Before reaching the issues on the merits of this appeal, it should be noted that the incorrect post-conviction procedure was utilized in this case. The procedural problem in this case is that although the sec. 974.06 motion was made before the expiration of the one-year appeal period (applicable to this case by virtue of sec. 958.13, Stats. 1967), the motion was used to raise objections not reaching the constitutional dimensions contemplated under sec. 974.06,[1] but stating objections that should have been covered by a motion for a new trial. In this respect we very recently stated in *Peterson v. State*[2] as follows:

---

[1] "974.06 **Post-conviction procedure.** (1) A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] (1972), 54 Wis. 2d 370, 381, 195 N. W. 2d 837.

"The postconviction motion under sec. 974.06, Stats., is not a substitute for a motion for a new trial. A sec. 974.06 motion can be made only after the defendant has exhausted his direct remedies which consist of a motion for a new trial and appeal."

Here the proper procedure would have been a motion for a new trial or to withdraw the guilty plea and appeal.

Because the postconviction procedures here were completed well before our opinion in *Peterson,* we will consider the issues raised on the merits of this appeal.

Three issues are raised on this appeal:

1. Was the conviction for pointing a firearm invalid because it is a lesser included offense of armed robbery?

2. Was defendant subjected to double jeopardy because of his convictions for both pointing a firearm and armed robbery?

3. Did the trial court abuse its discretion in denying defendant's motion to withdraw his pleas of guilty?

*Is pointing a gun a lesser included offense of armed robbery?*

The principal question on this appeal is whether the crime of unlawfully pointing a firearm contrary to sec. 941.20 (1) (c), Stats., is a lesser included offense of armed robbery contrary to sec. 943.32. An included crime is defined in sec. 939.66, which provides, in relevant part:

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; . . ."

The precise question here is whether the crime of pointing a firearm requires the proof of any fact in addition

to those required to be proved in the armed robbery prosecution.

Sec. 941.20 (1) (c), Stats., makes a crime "Intentionally point[ing] a firearm at or toward another." The armed robbery statute provides, in relevant part:

"(1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means may be imprisoned not more than 10 years:

"(a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property; or

"(b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

"(2) Whoever violates sub. (1) while armed with a dangerous weapon may be imprisoned not more than 30 years."

These statutes disclose that pointing the weapon is not a fact necessary to prove armed robbery, while it is an element of the less serious crime. In fact, an armed robbery conviction does not require a visible weapon at all.[3] All that is required is the threat of using a weapon. Thus under the test of sec. 939.66, Stats., pointing a firearm is not an included offense within the armed robbery statute.

Relying on *Laev v. State* [4] and *State v. Melvin*,[5] defendant attempts to argue that even if the statutory elements of pointing a firearm are not included within the elements of armed robbery, on the facts of this case the first offense is included in the latter. Quite clearly

[3] *Claybrooks v. State* (1971), 50 Wis. 2d 79, 94, 95, 183 N. W. 2d 139; *see also: Moore v. State*, ante, p. 1, 197 N. W. 2d 820 (ROBERT W. HANSEN, J., concurring).

[4] (1913), 152 Wis. 33, 139 N. W. 416.

[5] (1970), 49 Wis. 2d 246, 181 N. W. 2d 490.

these cases do not support that proposition. In *Laev* this court found that one fraud statute was the lesser included of another fraud statute, while in *Melvin* the court declared the reckless use of a weapon under sec. 941.20 (1) (a) and (c), Stats., to be lesser included offenses within attempted first-degree murder. Defendant claims that on the facts of this case it would have been impossible for the defendant to have committed the greater offense without committing the lesser. While that is true, this is not the test for finding a lesser included offense. The correct test is to examine the required elements of the crime. If defendant's test were correct armed robbery would become a lesser included offense of homicide when a death was involved in an armed robbery and pointing a firearm would be a lesser included offense of rape should the assailant choose to use such a weapon. In short, the test for a lesser included offense is not the peculiar nature of a single defendant's crime, rather it is whether the lesser offense is statutorily within the greater.[6]

Defendant asserts that *Holesome v. State*[7] states a different rule. A review of *Holesome* demonstrates, however, that the rule is that it is "utterly impossible" to commit the greater crime without committing the lesser crime.[8] That is the rule consistently applied by this court. Armed robbery does not require the pointing of a gun and thus the latter is not a lesser included offense. The fact that in the present case the defendant did actually point the gun is irrelevant. The requirement is those facts which are required to be proven, not those facts which might be proven in addition to those required by the statute.

[6] *In accord: Blockburger v. United States* (1932), 284 U. S. 299, 304, 52 Sup. Ct. 180, 76 L. Ed. 306.

[7] (1968), 40 Wis. 2d 95, 161 N. W. 2d 283.

[8] *Id.* at pages 100, 101.

We are satisfied that in the present case the lesser offense contains an element not found in the greater and thus it is not a lesser included offense.

### Double jeopardy?

Defendant argues that the conviction for both pointing a firearm and armed robbery exposed him to double jeopardy in violation of both the state and federal constitutions. But this argument assumes that they are the same offense altogether or that the lesser offense is included within the greater. This is merely a reargument of the same proposition involved in the first issue raised on this appeal. The two charges are not included within each other and are unquestionably different crimes. There is no validity to the claim of double jeopardy.

### Withdrawal of guilty plea.

Defendant also contends that he was entitled to withdraw his guilty plea because he did not understand that the crime required the "intent to steal." The record manifestly refutes this assertion. The court fully explained the charge to the defendant; it also examined not only the defendant but also his parents in relation to defendant's understanding of the charges. While the defendant asserts that there was an abuse of discretion by the court, defendant does not advance any arguments or evidence in support of this contention. The record reveals that the taking of the guilty plea was exceptionally well done. The court went out of its way to ascertain defendant's understanding. Throughout the proceedings the court cautioned the defendant and questioned him as to his understanding. The plea taking was entirely proper.

As his final argument defendant contends that the trial court should have modified his sentence. Since the prosecution was begun before July 1, 1970, the motion to modify the sentence was timely brought. We are satisfied that the sentence here was not an abuse of discretion. Defendant faced a maximum penalty of forty-five years for these offenses. While awaiting trial defendant attacked a jailer, and at the time of the crimes defendant was absent without leave from the United States Army. These factors, in addition to the extremely serious nature of the charges against defendant, all indicate that defendant was a violent person who lacked respect for authority. The imposition of a combined sentence of sixteen years was not an abuse of discretion.

*By the Court.*—Order affirmed.