GEITNER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 67.   Submitted under sec. (Rule) 251.54 May 3, 1973.—*
*Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 837.)

For the plaintiff in error the cause was submitted on the brief of *Thomas G. Godfrey* and *Godfrey, Neshek & Worth, S. C.*, all of Elkhorn.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HALLOWS, C. J.   No question involving the rape conviction or sentence is at issue on this appeal. While

there are many issues raised, the only important question is whether false imprisonment is a lesser included crime of kidnapping. This court has many times discussed the problem of included crimes. Whether a crime is a lesser includable offense of another crime depends upon the definition of "included crime" in sec. 939.66, Stats.[1] Whether an instruction should be given on an included crime in a particular situation depends upon the evidence. The point raised on appeal does not concern the evidence but the question of whether the instruction could be given regardless of the evidence because it is contended false imprisonment by its very nature is not and cannot be an included crime of kidnapping. We hold this contention is correct.

The same criminal act may constitute different crimes with similar but not identical elements. *State v. Roggensack* (1962), 15 Wis. 2d 625, 113 N. W. 2d 389, 114 N. W. 2d 459. In *State v. Chacon* (1971), 50 Wis. 2d 73, 183 N. W. 2d 84, we stated it is not the evidence but sec. 939.66, Stats., which determines what is an included crime. If one of the crimes is a lesser included offense of another crime, the defendant cannot be convicted of both. Such convictions are prohibited by sec.

---

[1] "939.66 **Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or

"(2) A crime which is a less serious type of criminal homicide than the one charged; or

"(3) A crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent; or

"(4) An attempt in violation of s. 939.32 to commit the crime charged; or

"(5) The crime of attempted battery when the crime charged is rape, robbery, mayhem or aggravated battery or an attempt to commit any of them."

939.66 (1). If the same act constitutes two offenses, neither of which is the lesser included crime of the other, they constitute multiple crimes and the defendant may be convicted of either or both. In sec. 939.66, one of the definitions of an "included crime" is a crime "which does not require proof of any fact in addition to those which must be proved for the crime charged." This statutory test has been followed in *State v. Melvin* (1970), 49 Wis. 2d 246, 181 N. W. 2d 490; *State v. Smith* (1972), 55 Wis. 2d 304, 310, 198 N. W. 2d 630, and *Raymond v. State* (1972), 55 Wis. 2d 482, 488, 198 N. W. 2d 351. In *Melvin* we held attempted first-degree murder did not include any of the following as a lesser offense: (a) Possession of a pistol by a minor, which, unlike the greater crime, contains the elements of minority (sec. 941.22); (b) attempted homicide by reckless conduct, there being no such crime, since an attempt requires an intent, whereas homicide by reckless conduct does not; or (c) attempted battery, which is an included crime only of rape, robbery, mayhem, aggravated battery, or an attempt to commit any of them (sec. 939.66 (5)). We also pointed out in *Melvin* that where a crime charged includes a lesser offense, to justify submission of an instruction on the lesser offense, there must be some reasonable ground in the evidence for a conviction on the lesser offense and an acquittal of the greater offense; hence a lesser offense charge is not proper when the evidence presents factual issues for the jury which are the same in both the lesser and the greater offense, such a charge being permissible only when the evidence requires the jury to determine a disputed fact in the charged offense which is not required for a conviction of the included offense. This allows a conviction on the included crime if the only failure of proof relates to the additional element in the greater crime. Thus, a determination of whether an instruction on a lesser included crime should be given to a jury is not solved

by merely determining the crime charged includes the lesser offense, for juries are not to be given the discretion or option to pick and choose the least offense of which the accused should be found guilty; rather, they are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence would sustain while leaving a reasonable doubt as to the existence of the additional element of the greater crime. *See also: Martin v. State* (1973), 57 Wis. 2d 499, 204 N. W. 2d 499; *State v. Smith, supra.*

We see no difficulty in the language of *Holesome v. State* (1968), 40 Wis. 2d 95, 161 N. W. 2d 283, which referred to the evidence in determining whether a lesser included offense existed. In *Holesome,* we quoted from *Laev v. State* (1913), 152 Wis. 33, 39, *et seq.,* 139 N. W. 416, to the effect that a crime could be committed under one statute then in existence, which was designated in brackets as "the higher offense," without committing one under another section designated as "the lesser offense." This language has no application to our present sec. 939.66, Stats., which defines included crimes. In *State v. Smith, supra,* we thought we stated clearly that *Holesome* does not establish a different rule. Language used to construe a particular section of a statute should not be generalized and applied as a common-law rule. *See Martin v. State, supra.*

In the instant case the essential elements of kidnapping are defined in sec. 940.31 (1) (a), Stats.,[2] as

---

[2] "940.31 **Kidnapping.** (1) Whoever does any of the following may be imprisoned not more than 15 years:

"(a) By force or threat of imminent force carries another from one place to another without his consent and with intent to cause him to be secretly confined or imprisoned or to be carried out of this state or to be held to service against his will; or

"(b) By force or threat of imminent force seizes or confines another without his consent and with intent to cause him to be secretly confined or imprisoned or to be carried out of this state or to be held to service against his will; or

follows: (a) force or threat of imminent force; (b) carrying another person from one place to another place without that person's consent; and (c) an intent to cause that person to be (1) secretly confined or imprisoned, or (2) carried out of the state, or (3) held to service against his will. The elements of false imprisonment enumerated in sec. 940.30 [3] are (a) an intention to confine or restrain another; (b) actual confinement or restraint of the other; (c) lack of the other's consent; and (d) knowledge on the part of the actor that he has no lawful authority to do so. Thus the crime of false imprisonment contains an element which must be proved of knowledge that the actor has no authority to confine another person or restrain him without that person's consent. It is quite likely that in many kidnappings, the kidnapper knows he has no lawful authority to imprison or confine another, but the statutory definition of kidnapping does not require proof of that knowledge for conviction whereas the crime of false imprisonment does. Therein lies the reason that false imprisonment cannot be an included crime of kidnapping regardless of what the evidence in the charge of kidnapping may show.

Consequently, it was error for the trial court to instruct the jury on false imprisonment when Geitner was not charged with that crime. Procedural due process

---

"(c) By deceit induces another to go from one place to another with intent to cause him to be secretly confined or imprisoned or to be carried out of this state or to be held to service against his will.

"(2) Whoever violates sub. (1) with intent to cause another to transfer property in order to obtain the release of the victim shall be sentenced to life imprisonment; but if his victim is released without permanent physical injury prior to the time the first witness is sworn at the trial the defendant may be imprisoned not more than 30 years."

[3] "940.30 False imprisonment. Whoever intentionally confines or restrains another without his consent and with knowledge that he has no lawful authority to do so may be fined not more than $1,000 or imprisoned not more than 2 years or both."

requires that a defendant have notice of a specific charge and a chance to be heard in trial of the issues raised by that charge. In the case of an included crime, the notice and charge on the greater offense as a matter of law includes notice of the included crime. Notice of the whole is notice of the parts. *Cole v. Arkansas* (1948), 333 U. S. 196, 201, 68 Sup. Ct. 514, 92 L. Ed. 644; *Roth v. State* (1923), 180 Wis. 573, 576, 193 N. W. 650; *see also: La Fond v. State* (1967), 37 Wis. 2d 137, 144, 145a, 154 N. W. 2d 304, 156 N. W. 2d 162 (dissent).

*By the Court.*—The judgment of conviction and sentencing for false imprisonment is reversed.