# STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

## v.

# Paul CARRINGTON, Defendant-Appellant.

Supreme Court

*No. 85–1378–CR. Argued October 30, 1986.—Decided December 22, 1986.*

(Also reported in 397 N.W.2d 484.)

For the plaintiff-respondent-petitioner there were briefs by *Stephen W. Kleinmaier*, assistant attorney general, and *Bronson C. La Follette*, attorney general, and oral argument by *Marguerite M. Moeller*, assistant attorney general.

For the defendant-appellant there was a brief and oral argument by *Elizabeth E. Stephens*, assistant state public defender.

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *State v. Carrington*, 130 Wis. 2d 212, 386 N.W.2d 512 (1986), reversing a judgment of conviction of the circuit court for Milwaukee County, Laurence C. Gram, Jr., Judge. The jury found the defendant, Paul Carrington, guilty of two counts of the felony of endangering safety by conduct regardless of life while armed. Sections 941.30, 939.63 (1)(a)3, 939.22(10), Stats. 1983–84.

The question of law presented to the court of appeals and this court is whether the reckless use of a weapon under sec. 941.20 (1)(a)3, Stats. 1983–84, a misdemeanor, is a lesser included offense of endangering safety by conduct regardless of life while armed, a felony. The circuit court refused to instruct the jury on the misdemeanor. The court of appeals concluded that the circuit court erred and ordered a new trial. We conclude that the misdemeanor is not, as a matter of law under the "elements only" test, a lesser included offense of the felony, because the misdemeanor requires proof of an element that need not be proved for the felony. Accordingly, we reverse the decision of the court of appeals and affirm the judgment of conviction of the circuit court.

Because our approach to lesser included offenses in this case assigns little, if any, significance to the factual basis of the prosecution, we may briefly summarize the facts.[1] Late in the evening on June 27, 1984, two police officers dressed in casual civilian clothing observed the defendant leaving a tavern and carrying a shotgun. One officer testified that he ordered the defendant to stop and that in response the defendant stopped, turned and pointed his gun in the direction of the two police officers; the officer fired one shot, hitting a garbage

---

[1] A circuit court applies a two-prong test to decide whether to instruct the jury on a lesser offense. This case involves the first prong, which is to determine whether the lesser offense is, as a matter of law, a lesser included offense. If the offense is a lesser included offense, then the second prong requires the circuit court to determine whether the instruction is justified, namely, whether there is a reasonable basis in the evidence for conviction on the lesser offense and acquittal on the greater offense. *State v. Richards*, 123 Wis. 2d 1, 3, 365 N.W.2d 7 (1985); *Gertner v. State*, 59 Wis. 2d 128, 131, 207 N.W.2d 837 (1973); *Zenou v. State*, 4 Wis. 2d 655, 668, 91 N.W.2d 208 (1958).

dumpster midway between himself and defendant; the defendant then fired his gun; and the officer returned four more rounds. The defendant testified that as he was leaving the tavern he heard one call of "Halt, police," followed by four shots. The defendant said that he fired one shot in the air and ducked into an alley.

We turn to the legal issue. The doctrine of lesser included offenses simultaneously serves the prosecutor, the defendant, and the public. The doctrine originated at common law as an aid to the prosecutor in cases in which the evidence failed to establish some element of the offense initially charged. The doctrine helps ensure that the defendant has notice of the crimes of which he may be convicted thereby enabling the defendant to prepare an adequate defense. The doctrine enables the court to give the jury an option to convicting or acquitting the defendant of the greater offense, when the evidence shows that the defendant may be guilty of a crime similar to but not necessarily the same as the one charged; a conviction may thus conform more accurately to the offense committed. The doctrine may implicate the due process and double jeopardy provisions of the federal and state constitutions.

The propriety of submitting an instruction to a jury on the misdemeanor in this case turns on whether the misdemeanor is a lesser offense included within the felony. A circuit court may not instruct on a lesser offense that is not included in the greater offense. *Hawthorne v. State*, 99 Wis. 2d 673, 680, 299 N.W.2d 866 (1981).

Commentators discern three approaches courts use to identify a lesser included offense: the elements only approach (the strict statutory approach); the fact-element approach (the pleadings approach; the cognate

approach); and the fact approach.[2] It is well settled that under this court's interpretation of sec. 939.66(1), Stats. 1983–84, this court uses the "elements only" test to determine whether one offense is included within another. Section 939.66(1) defines an included crime as "a crime which does not require proof of any fact in addition to those which must be proved for the crime charged." See *State v. Richards*, 123 Wis.2d 1, 5, 365 N.W.2d 7 (1985); *Randolph v. State*, 83 Wis. 2d 630, 639–40, 266 N.W.2d 334 (1978).

The elements only test focuses on the statutes defining the offenses, not the facts of a given defendant's activity. "When determining whether a crime is a lesser included offense under sec. 939.66(1), the determinative factor is the statutorily defined elements of the respective crimes." *State v. Verhasselt*, 83 Wis. 2d 647, 664, 266 N.W.2d 342 (1978).

---

[2] For discussions of the doctrine of lesser included offense, see Wright and Miller, *Federal Practice and Procedure*, 3 *Criminal* 2d sec. 515 (1982); Barnett, *The Lesser Included Offense Doctrine: A Present Day Analysis for Practitioners*, 5 Conn. L. Rev. 255 (1972); Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine*, 21 Am. Cr. L. Rev. 445 (1984); Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense*, 50 Brooklyn L. Rev. 191 (1984); Koenig, *The Many-Headed Hydra of Lesser Included Offenses: A Herculean Task for the Michigan Court*, 1975 Det. C.L. Rev. 41; Comment, *Jury Instructions on Lesser Included Offenses*, 57 Nw. U.L. Rev. 62 (1962); Note; *The Lesser Included Offense Doctrine in Pennsylvania: Uncertainty in the Courts*, 84 Dick. L. Rev. 125 (1979); Note, *The Lesser Included Offense Doctrine in Iowa: The Gordian Knot Untied*, 59 Iowa L. Rev. 684 (1974); Note, *Criminal Law—Critique of Wisconsin's Lesser Included Offense Rule*, 1979 Wis. L. Rev. 896.

Under the elements only test, the lesser offense must be statutorily included in the greater offense and contain no element in addition to the elements constituting the greater offense. "[A]n offense is a 'lesser included' one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the 'greater' offense." *State v. Hagenkord*, 100 Wis. 2d 452, 481, 302 N.W.2d 421 (1981). The elements only test was recently restated in *Hagenkord*, 100 Wis. 2d at 481, as follows:

> This court is committed to the "elements only" analysis of whether one offense is included within another. The test focuses not on the peculiar factual nature of a given defendant's criminal activity, but on whether the lesser offense is statutorily within the greater .... Stated in other words, an offense is a "lesser included" one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the "greater" offense .... Conversely, an offense is not a lesser-included one if it contains an additional statutory element. This court has stated this test often and clearly. *Randolph v. State*, 83 Wis.2d 630, 266 N.W.2d 334 (1978); *State v. Verhasselt*, 83 Wis.2d 647, 266 N.W.2d 342 (1978); and *State v. Smith*, 55 Wis.2d 304, 310, 198 N.W.2d 630 (1972). In *Randolph*, the court additionally capsulized the rule by the formulation that "for one crime to be included in another, it must be 'utterly impossible' to commit the greater crime without committing the lesser."

The paramount inquiry in the elements only test is the meaning of the words of the statute. The elements only test requires the court to place the statutes defining the

greater and lesser offenses side by side, to interpret the statutes creating the greater and lesser offenses, to differentiate the elements contained therein, and finally to compare those elements.

One commentator has suggested that the elements only test contravenes the statutory language of sec. 939.66(1). Note, *Criminal Law—Critique of Wisconsin's Lesser Included Offense Rule*, 1979 Wis. L. Rev. 896, 910-11. Several commentators criticize the elements only test as being too rigid and as lacking the flexibility which permits a fact finder to fit the verdict to the conduct proved.[3] Other commentators recognize the elements only test as providing the significant advantages of judicial economy and certainty. Once a decision establishes that a crime is a lesser included offense, that decision settles the issue for all cases and all parties absent a modification of the statutes defining the crimes.

We recognize that although the elements only test is easy to state and appears easy to apply, the question whether a crime is a lesser included offense arises frequently. The parties disagree on how to apply the elements only test in this case.

The crime charged in this case, endangering safety by conduct regardless of life while armed, is a composite of three statutes: secs. 941.30, 939.63(1)(a)3 and 939.22(10), Stats. 1983-84. Section 941.30 makes it a felony to endanger another's safety by conduct regard-

---

[3] See Wisconsin Criminal Jury Instruction Committee, Jury Instructions on Lesser Included Offenses, Wis. JI-*Criminal*, SM-6, pp. 1-7 (1980); Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense*, 50 Brooklyn L. Rev. 191 (1984); Note, *Criminal Law—Critique of Wisconsin's Lesser Included Offense Rule*, 1979 Wis. L. Rev. 896.

less of life;[4] sec. 939.63(1)(a)3 increases the penalty for anyone committing a crime while possessing, using or threatening to use a dangerous weapon;[5] and sec. 939.22(10) defines the term dangerous weapon.[6]

The felony endangering safety by conduct regardless of life has three statutory elements:

(1) the defendant's conduct is imminently dangerous to another;

(2) the defendant's conduct is of such a character that it evinces a depraved mind, regardless of human life;

(3) the defendant endangers the safety of another by such conduct. Wis. J.I.-*Criminal* No. 1345 (1962).

---

[4] Sec. 941.30, Stats. 1983–84, provides: " *Endangering safety by conduct regardless of life.* Whoever endangers another's safety by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, is guilty of a Class D felony."

[5] Sec. 939.63(1)(a)3, Stats, 1983–84, provides:

*"Penalties; use of a dangerous weapon.* (1)(a) If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased. . . . 3. . . . by not more than 4 years."

The state conceded in the court of appeals and does not challenge in this court that "while armed with a dangerous weapon" is an element of the felony. State's Brief in the Court of Appeals, p. 6; State's Brief in the Supreme Court, p. 8, n. 4.

[6] Sec. 939.22(10), Stats. 1983–84, provides: " 'Dangerous weapon' means any firearm whether loaded or unloaded; any device designed as a weapon and capable of producing death or great bodily harm; any electric weapon, as defined in sec. 941.295(4); or any other device or instrumentality which, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm."

An additional element must be proved to establish that the defendant is guilty of endangering safety by conduct regardless of life *while armed*:

(4) the defendant commits the crime of endangering safety by conduct regardless of life while possessing, using or threatening to use a dangerous weapon. Wis. J.I.-*Criminal* No. 990 (1980).

The crime which the defendant claims is a lesser included offense is reckless use of a weapon, a misdemeanor defined in sec. 941.20(1)(a)3.[7] This crime has two elements:

(1) the defendant engages in reckless conduct in the operation or handling of a firearm, airgun, knife or bow and arrow; and

(2) the defendant endangers another's safety by his conduct in the operation or handling of such a weapon. Wis. J.I.-*Criminal* No. 1321 (1969).

The misdemeanor requires that the operation or handling of one of the four specified dangerous weapons, in this case a firearm, be the reckless conduct that endangers another's safety. The first three elements of the felony, in contrast, do not require that a dangerous weapon be used to endanger the safety of another. The

---

[7] Sec. 941.20, Stats. 1983–84, provides as follows:

"*Reckless use of weapons.* (1) Whoever does any of the following is guilty of a Class A misdemeanor:

(a) Endangers another's safety by reckless conduct in the operation or handling of a firearm, airgun, knife or bow and arrow; ...

(3) Reckless conduct consists of an act which creates a situation of unreasonable risk and high probability of death or great bodily harm to another and which demonstrates a conscious disregard for the safety of another and a willingness to take known chances of perpetrating an injury. It is intended that this definition embraces all of the elements of what was heretofore known as gross negligence in the criminal law of Wisconsin."

felonious conduct endangering the safety of another might involve a dangerous weapon, but it need not. In fact, if a dangerous weapon was essential to the first three elements of the felony, the fourth element would not have been added. Section 939.63(1)(b), Stats. 1983–84, expressly provides that "the increased penalty provided in this subsection does not apply if possessing, using or threatening to use a dangerous weapon is an essential element of the crime charged."

Thus if, for the moment, we ignore the fourth element of the felony offense, the misdemeanor clearly requires proof of an element in addition to the elements proved in the felony, namely that the defendant's operation or handling of a dangerous weapon endangers the safety of another. The misdemeanor is therefore not an included offense of the underlying felony. The question then becomes whether the addition of the fourth element expands the elements of the felony to encompass the "additional element" set forth in the misdemeanor.

The defendant asserts that the third element of the felony (the defendant's conduct endangers the safety of another), "as enhanced by section 939.63 (1) [while armed] is identical to the second element of the [misdemeanor] reckless conduct charge." Defendant's Brief, p. 5. We are not persuaded. The addition of the fourth element does not enhance the first three elements of the felony in the manner asserted by the defendant. The fourth element does not require that the defendant endanger the safety of another through the possession, use or threat to use a dangerous weapon. Rather, it requires only that while endangering safety by conduct regardless of life, the defendant possess, use or threaten to use a dangerous weapon. The fourth element simply requires that the state prove that the defendant com-

mitted the acts satisfying the first three elements, while the defendant "was armed."

■

Our analysis of the statutory elements of the two crimes leads us to conclude that the misdemeanor requires proof of an additional element not required for the felony, namely, that the defendant's conduct in the operation or handling of a dangerous weapon endangered the safety of another. We therefore conclude that the misdemeanor, reckless use of a weapon, is not a lesser included offense of the felony, endangering safety by conduct regardless of life while armed.

According to the information in this case, as well as the evidence presented and the jury instructions, this defendant was charged with endangering the safety of another through the use of a dangerous weapon, namely a firearm. In this case, then, the defendant's alleged conduct satisfies both elements of the misdemeanor and the third and fourth elements of the felony. Thus the defendant argues that the misdemeanor does not require proof of any element which is not needed to prove the commission of the felony *in the manner* alleged in the information and the jury instructions. The defendant would have this court examine the elements of each offense by examining the accusatory pleading charging the greater offense rather than by examining the statutory elements of each offense.

■

Although the defendant's approach directing the court's attention to the facts in the accusatory pleading appears to be at odds with the elements only test, we must acknowlege that this court has on occasion directed its attention to the accusatory pleading in applying the elements only test. In *Hagenkord, supra*

270

100 Wis. 2d 482–83, n.8, the court recognized that when a statute establishes alternative elements for a single crime the court will, for purposes of the elements only test, treat the greater offense as two or more crimes, each crime being defined as containing one of the alternative elements. The court must then look to the charging instrument to determine the greater crime to which the elements only test applies.[8]

In *Hagenkord,* we stated that great bodily harm and pregnancy can substitute for one another as an element of first degree sexual assault. Sec. 940.225 (1)(a), Stats. 1979. To determine whether first degree sexual assault includes the lesser offense of injury by conduct regardless of life, the court examines the accusatory pleading to see which alternative element of first degree sexual assault is asserted therein: great bodily harm or pregnancy. In *Hagenkord* the charge in the accusatory pleading of first degree sexual assault was great bodily harm rather than pregnancy. One element of the lesser offense, injury by conduct regardless of life, was great bodily harm. Accordingly the *Hagenkord* court concluded that the two offenses shared the element of great bodily harm. The *Hagenkord* court declared, 100 Wis. 2d at 482, n.8, that the court of appeals had "erred in concluding that injury by conduct regardless of life is not lesser-included because it contains the additional element of 'great bodily harm.' This would only be so where the first-degree-sexual-assault charge is based on

---

[8] A similar argument about alternative elements was made and discussed in *State v. Richards,* 123 Wis. 2d 1, 7–8, 365 N.W.2d 7 (1985).

the statutory alternative element . . . of pregnancy, rather than great bodily harm."[9]

The defendant asks this court to apply the *Hagenkord* alternative elements approach in this case. The defendant appears to be asserting that the statutes defining the felony endangering safety by conduct regardless of life while armed in effect establish two alternative offenses: (1) a felony in which the conduct regardless of life which endangers the safety of another is the conduct of using a dangerous weapon, and (2) a felony in which the conduct regardless of life which endangers the safety of another is conduct other than the accused's using, possessing or threatening to use a dangerous weapon. We find this interpretation of the statutes strained and without basis in the language or purpose of the statutes.

The essence of the defendant's position is that the state's charging the defendant in the accusatory pleading in this case with endangering safety by conduct regardless of life while armed, to wit, by his using a dangerous weapon, transforms the third and fourth elements of the felony into the elements of the misdemeanor and renders the misdemeanor a lesser included offense. The defendant is in effect asking this court to modify the elements only test and adopt what commentators describe as the fact-element, pleadings or cognate approach. Under this approach, "a requested lesser offense is necessarily included in the main offense when the allegations in the accusatory pleading include all of the elements of the lesser offense." Comment, *The Lesser Included Offense Doctrine in Iowa: The Gordian*

---

[9] Ultimately, this court concluded on other grounds that injury by conduct regardless of life was not a lesser included offense of first degree sexual assault.

*Knot Untied*, 59 Iowa L. Rev. 684, 685 (1974). Some commentators have suggested that the flexibility of this approach serves the fundamental purposes of the lesser included offense doctrine.

We have declined to use either the fact-element or the fact approach. In setting forth the alternative elements standard, the *Hagenkord* court spoke only to what statutory elements a court should examine in applying the elements only test; it did not change the elements only test into a test based on the facts in the accusatory pleadings or the facts developed at trial.

Our analysis of the felony and misdemeanor statutes in this case using the elements only test is consistent with this court's application of the elements only tests in prior cases.

In *Randolph, supra* 83 Wis. 2d 630, the defendant shot the victim and was charged with attempted murder. The court held that injury by conduct regardless of life and endangering safety by reckless use of a weapon were not lesser-included offenses of the crime of attempted murder. Injury by conduct regardless of life requires proof of great bodily harm; endangering safety by reckless use of a weapon requires proof of operation or handing of a weapon. Attempted murder does not require proof of either great bodily harm or operation or handling of a weapon. Because each of the two lesser offenses required proof of an element not required in attempted murder, the court concluded both these offenses were not lesser included offenses of attempted murder.

In *State v. Smith*, 55 Wis. 2d 304, 198 N.W. 2d 630 (1972), the court held that the offense of intentionally pointing a firearm is not included within the felony of armed robbery. Intentionally pointing a firearm requires

proof of pointing a firearm. The crime of armed robbery does not require a visible weapon at all; the armed robbery statute then in existence required only that the defendant be armed with a dangerous weapon when he or she used force or threatened the imminent use of force. Thus, pointing a firearm contains a statutory element not included in the greater offense.

In *Randolph* and *Smith*, the conduct satisfied an element of both the greater and the lesser offenses. In the *Randolph* case, the greater offense—attempted murder—might involve the reckless use of a firearm; the reckless use of a firearm is an element of the lesser offense of endangering safety by reckless use of a weapon. In the *Smith* case, the use of force or the threat of the imminent use of force while armed, an element of armed robbery, might entail pointing a firearm; pointing a firearm is an element of the lesser offense of pointing a firearm. In these cases, the lesser crime, however, required proof of a statutory element that was not necessarily an element of the greater offense. Accordingly, the court in these cases concluded, as the court in this case concludes, that because an element of the lesser offense had to be proved in addition to those elements which must be proved for the greater offense, the lesser offense was not a lesser included offense.

The state raises an additional issue which we must address. The state contends that the court of appeals erroneously interpreted the "utterly impossible" test which we set forth in *Hagenkord, supra* 100 Wis. 2d at 481, as follows: "[T]he court additionally capsulized the [elements only] rule by the formulation that 'for one crime to be included in another, it must be "utterly impossible" to commit the greater crime without committing the lesser.' *Randolph, supra*, 83 Wis. 2d at 645."

The court of appeals decision comments on the "utterly impossible" test as follows: "We therefore conclude that the phrase 'utterly impossible' may only be used in the sense that it is utterly impossible to commit the statutory elements of the greater charge without also fulfilling the statutory elements of the lesser charge." 130 Wis. 2d at 224. The state asserts that the court of appeals erroneously emphasizes in this sentence the elements of the crime charged in the accusatory pleading rather than the statutory elements of the crime. The state argues that the *Hagenkord, Randolph* and *Smith* cases support the state's contention that the "utterly impossible" test means that a "lesser" crime is not a lesser included offense of the "greater" crime if there is any hypothetical set of facts that constititutes a violation of the greater offense but does not constitute a violation of the lesser. According to the state, there are at least three hypothetical fact situations in which it is possible to commit endangering safety by conduct regardless of life while armed (the greater offense) without at the same time committing the crime of reckless use of a weapon (the lesser offense).[10] The state's view appears to be that for a lesser offense to be an included

---

[10] The state sets forth the following examples. First, a person can be convicted of the greater offense by operating an automobile regardless of life while carrying a firearm; this conduct would not violate the lesser crime because he would not be endangering another's safety by reckless conduct in the operation or handling of the firearm. Second, a person can be convicted of the greater offense of endangering safety by handling a bomb; this conduct would not violate the lesser offense because a bomb is not one of the four weapons listed in sec. 941.20 (1). Third, a person can be convicted of the greater offense by endangering safety by conduct regardless of life while possessing or threatening to use but not operating or handling any of the dangerous weapons not listed in sec. 941.20 (1).

offense under sec. 939.66(1), each element of the lesser offense must correspond exactly to an element of the greater offense. In other words, the state urges that a lesser offense is not an included offense under sec. 939.66(1) if an element of the lesser offense is "less inclusive than" or is a subset of a corresponding element of the great offense. Accordingly the state contends that the misdemeanor in this case is not a lesser included offense of the felony under the "utterly impossible" test.

The defendant argues that the "utterly impossible" language in Hagenkord is merely descriptive and was not intended to expand the elements only test. The defendant claims that the "utterly impossible" language is a vestige of the cases in which this court focused on the facts of the particular case rather than the statutory elements to determine whether a given crime is a lesser included offense. Because we have concluded that the misdemeanor requires proof of an element in addition to those which must be proved for the felony and that the misdemeanor is not a lesser included offense of the felony, we need not discuss further the validity of the state's interpretation of the "utterly impossible" language.

The defendant's brief further intimates that adoption of the state's interpretation of the elements only test raises a due process question. The defendant's argument in its entirety is that "due process requires the giving of a lesser included offense [instruction] when reasonably raised by the evidence in order to maintain the integrity of the fact-finding process. *See* Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine*, 21 Am. Crim. L. Rev. 445 (1984). Considerations of certainty, notice and fundamental fairness to

the defendant form the basis for the rule. The state's interpretation does not conform to this purpose."[11]

In *State v. Danforth*, 129 Wis. 2d 187, 205–207, 385 N.W.2d 125 (1986), this court rejected an argument identical to the defendant's, albeit without exploring the issue at great length,[12] and reaffirmed its commitment

---

[11] See generally, *Beck v. Alabama*, 447 U.S. 625 (1979) (holding that an Alabama statute precluding in a capital case the giving of an instruction on a lesser included offense warranted by the evidence violated the federal Constitution); *Kebble v. United States*, 412 U.S. 205 (1973) (noting, after interpreting a certain federal statute not to preclude the giving of a lesser included offense instruction warranted by the evidence, that such preclusion would raise serious constitutional questions); and Note, *Beck v. Alabama: The Right to a Lesser Included Offense Instruction in Capital Cases*, 1981 Wis. L. Rev. 560 (discussing *Beck* and arguing that the holding of *Beck* should apply in noncapital cases).

[12] Neither the defendant in *Danforth* nor the defendant in this case cites any case adopting this due process argument. Several federal circuit courts do not follow the elements only test and have expressed dissatisfaction with it. They have apparently adopted a less stringent lesser included offense test as an interpretation of the federal rules of criminal procedure and on policy grounds of protecting the integrity of the fact-finding process. *See, e.g., United States v. Whitaker*, 447 F.2d 314 (D.C. Cir. 1971) (calling the strict statutory approach "mechanistic" and adopting an "inherent relationship test" for determining under the federal rules of criminal procedure whether a lesser offense is an included offense, but allowing only the defendant to avail himself of this test because allowing the state to do so might deprive the defendant of his due process right to notice of the crimes of which he might be convicted); *United States v. Johnson*, 637 F.2d 1224 (9th Cir. 1980) (reaffirming the circuit court's adoption of the inherent relationship test because of the "wisdom" of that test); *United States v. Schmuck*, 776 F.2d 1368 (7th Cir. 1985) (applying the inherent relationship test).

But see *People v. Geiger*, 35 Cal.3d 510, 199 Cal. Rptr. 45, 674 P.2d 1303 (1984) (holding that the defendant has a right under the

to the elements only test. Having reaffirmed its commitment to the elements only test within the past year, the court declines to reconsider the elements only test at this time.

For the reasons set forth, we conclude that the crime of reckless use of a weapon is not a lesser included offense of the crime of endangering safety by conduct regardless of life while armed. We therefore reverse the decision of the court of appeals and affirm the judgment of the circuit court.

*By the Court.* —The decision of the court of appeals is reversed and the judgment of the circuit court is affirmed.

due process provision of the state constitution to jury instructions on related but not necessarily included offenses).