STATE of Wisconsin, Plaintiff-Respondent,

v.

David DAVIS, Defendant-Appellant-Petitioner.

Supreme Court

*No. 86–1703–CR. Argued June 1, 1988.—Decided June 28, 1988.*

(Also reported in 425 N.W.2d 411.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Donna L. Hintze,* assistant state public defender, Milwaukee.

For the plaintiff-respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

DAY, J.   This is a review of an unpublished decision of the court of appeals which affirmed a judgment of conviction of the circuit court for Milwaukee county, Ralph G. Gorenstein, judge. A jury found the defendant, David Davis (Davis), guilty of first-degree murder while armed, secs. 940.01 and 939.63, Stats. (1985–1986), and armed robbery, sec. 943.32(1)(a). On appeal, Mr. Davis asserts that the circuit court improperly denied his request for a felony murder jury instruction and therefore his conviction should be reversed and remanded for a new trial. We conclude that felony murder, sec. 940.02(2), was a lesser-included offense of depraved mind murder, sec. 940.02(1), under the statutes in effect at the time this action was tried.[1] Since Davis failed to show

---

[1]Section 940.02 of the Wisconsin Statutes (1985–1986), states:

**Second-degree murder.** Whoever causes the death of another human being under either of the following circumstances is guilty of a Class B felony:

(1)   By conduct imminently dangerous to another and evincing a depraved mind, regardless of human life; or

evidence which would permit his acquittal of both first-degree murder and depraved mind murder, he was not entitled to submission of a felony murder jury instruction. Accordingly, we affirm the decision of the court of appeals.

On review of a denial to submit a jury instruction all relevant and appreciable evidence is viewed in a light most favorable to the defendant. *Hawthorne v. State,* 99 Wis. 2d 673, 683–684, 299 N.W.2d 866, 871 (1981). At trial, Davis admitted shooting a woman, but repeatedly denied intending to kill her. He testified that he saw this woman leave a restaurant and followed her, planning to steal her purse and car. He "pulled" a loaded gun and crossed the street to confront her. Extending his gun at a right angle out from his waist to "scare" her, he told the woman to give him her car keys, and she did so. He then demanded that she give him her purse, and slowly reached for it with his left hand while holding the gun in his right hand. Davis testified that the woman then grabbed his left hand and he started shaking, got scared and tried to pull away. As he did, "the gun went off." He grabbed the woman's purse, not realizing she had been shot, saw her fall to the ground and ran away.

Testimony at trial showed that the woman died from a gunshot wound to the upper chest. The wound track was from front to back, angled very slightly upward from just left of the notch in the breastbone immediately below the neck to the right side of the

---

(2)  As a natural and probable consequence of the commission of or attempt to commit a felony.

All further references to sec. 940.02 will be to those statutes in force at the time of Davis' trial unless otherwise noted.

upper back. Gunshot residue on her clothing establish-
ed that the gun was fired from less than twelve inches
away.

At the jury instruction conference, defense coun-
sel requested that an instruction for felony murder,
sec. 940.02(2), be given in addition to an instruction for
depraved mind murder, sec. 940.02(1). The state
objected. The circuit court concluded that a felony
murder instruction was inappropriate because Davis
had himself committed the murder, rather than
acting as a party to a crime during which an accom-
plice murdered someone.[2] The jury was therefore
instructed only on the substantive offenses of first-
degree murder while armed, second-degree (depraved
mind) murder while armed, and armed robbery. They
found Davis guilty of first-degree murder while
armed, and armed robbery. The circuit court sen-
tenced Davis to life on the first-degree murder convic-
tion and ten years on the armed robbery conviction,
with sentences to run consecutively.

On appeal, the court of appeals held that while
the circuit court had incorrectly articulated the law
concerning submission of an instruction on felony
murder, it had not committed reversible error in
refusing to give the instruction. It concluded that
felony murder is a lesser-included offense of depraved
mind murder where the defendant is charged not only
with first or second-degree murder, but also with an
additional felony, such as, in this case, armed robbery.
The court further concluded that the evidence pre-
sented did not establish grounds to acquit Davis of
depraved mind murder. Therefore, he was not entitled

---

[2]The court of appeals concluded, and we agree, that the circuit
court was in error in its articulation of the law.

to a jury instruction for the less serious form of homicide, felony murder. This court then accepted Davis' petition for review.

The determination of whether a crime is a lesser-included offense is a question of law. *See State v. Carrington,* 134 Wis. 2d 260, 262, 397 N.W.2d 484–485 (1986). This court need not defer to the rationale of a lower court when presented with such a question. *Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369, 373–374 (1987).

Section 939.66, Stats., states the general rule for establishing whether a crime may be denominated as a lesser-included offense. Of pertinence to the facts of this case is subsection (2), which provides that:

> "**939.66 Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: ...
>
> "(2) A crime which is a less serious type of criminal homicide than the one charged."

While the word "serious" is not expressly defined in sec. 939.66, seriousness of an offense has been determined by this court based on the maximum penalty which may be imposed. *See Harris v. State,* 68 Wis. 2d 436, 441–442, 228 N.W.2d 645, 647–48 (1975).

As the counsel for Davis correctly notes, when the homicide statutes were amended in 1978, felony murder was reclassified as a second-degree murder along with depraved mind murder. 1977 Wis. Laws 173, secs. 6–7. Section 940.02 denominated both of-

fenses as Class B felonies, for which the penalty was fixed at imprisonment not to exceed twenty years. Sec. 939.50(3)(b), Stats. Defense counsel contends that the legislature's revision was intended to classify felony murder at a level equal in severity to that of depraved mind murder. As a result, he argues that felony murder is not a "less serious" type of criminal homicide than depraved mind murder, and is not a lesser-included offense of depraved mind murder. Therefore, he only needed to show evidence which would permit acquittal of first-degree murder, and not additional evidence which would reasonably permit acquittal of depraved mind murder, before he was entitled to a felony murder jury instruction.

The state counters that the relative seriousness of a type of homicide is determined not by the label attached to each offense or by the nominal punishment exacted by a statute on its face, but by the real punishment that can be exacted, including the potential punishment for an underlying felony. At the time this case was decided, a defendant convicted of felony murder could not be sentenced for an underlying felony. That interpretation of the felony murder statute was made the law in Wisconsin in the case of *State v. Gordon,* 111 Wis. 2d 133, 330 N.W.2d 564 (1983). However, a defendant convicted of depraved mind murder could be punished for both that crime and an underlying felony. Therefore, the state argues, depraved mind murder was a "more serious" offense than felony murder and the court properly treated felony murder as a lesser-included offense of depraved mind murder. We agree.

Although the Class B felony classification of sec. 940.02 is instructive, it cannot be viewed in isolation apart from case law which has interpreted it. *See*

*Glinski v. Sheldon,* 88 Wis. 2d 509, 521–522, 276 N.W.2d 815, 820 (1979). In *Harris,* 68 Wis. 2d at 443, 228 N.W.2d at 648, a case in which the defendant testified that he "panicked" and shot a man during the commission of a robbery with a gun he had brought to "scare" his victims, this court concluded that felony murder, then called third-degree murder with a maximum sentence of fifteen years, was a lesser-included offense of second-degree (depraved mind) murder, which had a penalty of twenty-five years. At the time *Harris* was decided, no common law or statutory bar existed to prevent punishment for both a homicide charge and an underlying related felony for any of the degrees of homicide, including felony murder. Applying this analysis to the facts of that case, the court stated, "[i]t cannot be disputed that assault with a deadly weapon is 'conduct imminently dangerous to another.'" The court therefore held that the defendant was not entitled to an instruction for the lesser-included offense of felony murder, and affirmed his conviction for first-degree murder and armed robbery.

In 1977, the legislature increased the maximum penalty for felony murder from fifteen years to twenty years, and reclassified it as second-degree murder along with depraved mind murder. 1977 Wis. Laws 173, secs. 6–7. At that point, the same penalty could be imposed for both types of homicide.

Then, in *Gordon,* 111 Wis. 2d at 141–42, 330 N.W.2d at 570, a majority of this court held that the legislature intended to proscribe multiple punishment for both felony murder and an underlying felony. Therefore, a defendant convicted of felony murder could not be punished for an underlying felony but only be subjected to the twenty year maximum

859

sentence imposed for felony murder.[3] In contrast, when a defendant was convicted of depraved mind

<hr>

[3]The legislature has subsequently amended the entire classification system for crimes against the life, bodily security and safety of persons, including the felony murder statute. 1987 Wis. Act 399. Effective January 1, 1989, sec. 940.03 of the statutes is created to read:

> **940.03 Felony murder.** Whoever causes the death of another human being while committing or attempting to commit a crime specified in s. 940.225(1) or (2)(a), 943.02, 943.10(2) or 943.32(2) may be imprisoned for not more than 20 years in excess of the maximum period of imprisonment provided by law for that crime or attempt.

The Judicial Council Committee on Homicide and Lesser Included Offenses, which recommended this change, provided the following commentary note:

> The prior felony murder statute (s. 940.02(2), Stats.) did not allow enhanced punishment for homicides caused in commission of a Class B felony. *State v. Gordon,* 111 Wis. 2d 133, 330 N.W.2d 564 (1983). The revised statute eliminates the "natural and probable consequence" limitation and limits the offense to homicides caused in the commission of or attempt to commit armed robbery, armed burglary, arson, first degree sexual assault or 2nd degree sexual assault by use or threat of force or violence. The revised penalty clause allows imposition of up to 20 years' imprisonment more than that prescribed for the underlying felony. Prosecution and punishment for both offenses remain barred by double jeopardy. *State v. Carlson,* 5 Wis. 2d 595, 97 N.W.2d 355 (1958).

The depraved mind murder statute is also repealed and recreated as first-degree reckless homicide, but remains a Class B felony. Sec. 940.02, Stats. (1987–88). Under these revised homicide statutes, the potential punishment which may be imposed for felony murder and first-degree reckless homicide when an underlying related felony is charged would be identical in severity. As a result, our conclusion that felony murder is a lesser-included offense of depraved mind murder, based on the severity of the punishment exacted, is not applicable to these statutes as currently amended.

murder and an underlying felony, a combination comparable to the hybrid crime of felony murder, a potential maximum sentence of forty years could be imposed. *See Harris,* 68 Wis. 2d at 442, 228 N.W.2d at 648; *see e.g.,* secs. 939.50(3)(b), 940.02(1), and 943.32(2), Stats. (1985–1986) (twenty year maximum sentence for depraved mind murder and twenty year maximum sentence for underlying felony charge of armed robbery by use of a dangerous weapon).

At the time of Davis' trial, three years after *Gordon* was decided, the legislature had not acted to alter this scheme of penalty imposition. Since the legislature is presumed to have knowledge of judicial interpretations of existing laws, *see Gordon,* 111 Wis. 2d at 145, 330 N.W.2d at 569, we conclude the legislature intended at that time to allow the total penalty for felony murder to be less than that for depraved mind. Therefore, when Davis' case was decided, felony murder was a "less serious type of criminal homicide" than depraved mind murder and was properly treated as a lesser-included offense.

To justify submission of a felony murder instruction to the jury as a lesser-included offense, the court "must not only find evidence for a conviction of the lesser offense, but must also conclude that there was no reasonable ground on the evidence for a conviction of the greater charge." *Wilson v. State,* 59 Wis. 2d 269, 285, 208 N.W.2d 134, 143 (1973) (defendant, convicted of first-degree murder for the shooting and killing of a robbery victim, held entitled only to instructions for first and second-degree (depraved mind) murder, but not felony murder).

"The evidence must throw doubt upon the greater offense. Juries cannot rightly convict of the lesser offense merely from sympathy or for the purpose of reaching an agreement. They are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence will sustain and does not convince beyond a reasonable doubt the additional element of the greater crime existed. . . . This court has consistently held that in order to justify submitting an instruction on third-degree [felony] murder the evidence must reveal a reasonable doubt as to both first and second-degree [depraved mind] murder." *Boyer v. State,* 91 Wis. 2d 647, 668, 284 N.W.2d 30, 38 (1979), *quoting State v. Melvin,* 49 Wis. 2d 246, 253, 181 N.W.2d 490, 494 (1970).

Specifically, this court has emphasized:

"The key word in the rule is 'reasonable.' The rule does not suggest some near automatic inclusion of all lesser but included offenses as additional options to a jury. Only if 'under a different, but reasonable view,' the evidence is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower, should the lesser crime also be submitted to the jury." *State v. Bergenthal,* 47 Wis. 2d 668, 675, 178 N.W.2d 16, 20 (1970), *cert. denied,* 402 U.S. 972 (1971).

In order to justify submitting an instruction for felony murder in this case, the evidence must show reasonable doubt as to both first and second-degree murder. Addressing the first-degree murder charge, we note defendant's testimony at trial contained several statements that he had no intent to kill. Had

the jury believed this testimony, the specific "intent to kill" another human being required to convict for first-degree murder under sec. 940.01, Stats., would not have been present. Under this reasonable view of the evidence, the jury could have acquitted the defendant of this offense.

Second-degree depraved mind murder requires conduct "imminently dangerous to another and evincing a depraved mind, regardless of human life." Sec. 940.02(1), Stats. Conduct imminently dangerous to another is conduct "inherently and consciously dangerous to life, not such as causally produces death by misadventure." *Wangerin v. State,* 73 Wis. 2d 427, 434, 243 N.W.2d 448, 452 (1976). To meet the requirement of evincing a "depraved mind," the mind must "not only disregard the safety of another but be devoid of regard for the life of another." *State v. Weso,* 60 Wis. 2d 404, 411, 210 N.W.2d 442, 445 (1973). "The depravity of mind referred to in second degree [depraved mind] murder exists when the conduct causing death demonstrates an utter lack of concern for the life and safety of another and for which conduct there is no justification or excuse." *State v. Sarabia,* 118 Wis. 2d 655, 665, 348 N.W.2d 527, 533 (1984), *quoting* Wis. J.I.—Criminal, sec. 1110.

The evidence viewed in a light most favorable to the defendant shows that Davis approached his victim with a loaded gun which he brought to scare her. He pointed this gun at her stomach and was less than twelve inches from her when the gun was discharged. Though he was aware that the gun went off, even after he saw the woman fall to the ground, he did not stop to assess her condition but ran off with her purse.

Aiming a loaded gun at a vital part of a person's body at close range and the shooting at another have been found sufficient to show a depraved mind. *State v. LaTender,* 86 Wis. 2d 410, 430, 273 N.W.2d 260, 269 (1979); *see also State v. Bernal,* 111 Wis. 2d 280, 285, 330 N.W.2d 219, 222 (Ct. App. 1983) (intentionally pointing a loaded gun ready to shoot at another person is conduct imminently dangerous to another). Moreover, an utter lack of concern for the life and safety of the woman Davis robbed was evidenced by his decision to flee the scene though he knew she had fallen after his gun went off.

We conclude that a jury reasonably viewing this evidence could not have acquitted the defendant of depraved mind murder. As there was no reasonable basis for acquittal of this greater offense, Davis was not entitled to an instruction on felony murder.

*By the Court.*—The decision of the court of appeals is affirmed.